# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2018

Lyle W. Cayce
Clerk

No. 17-20533

GARY MACHETTA, in the Interest of I.M. Machetta and K.R. Machetta,

Plaintiff - Appellant

v.

THE HONORABLE CONRAD L. MOREN, 310th District Court Associate Judge; THE HONORABLE LISA A. MILLARD, 310th District Court Judge,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2377

Before HIGGINBOTHAM, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Gary Machetta is a party to ongoing child custody proceedings with his ex-wife in Texas state court. Unsatisfied with the outcome of those proceedings, Machetta filed a complaint in federal district court against the Texas state judges presiding over his case. Machetta seeks injunctive and declaratory relief for alleged violations of his First, Fourth, and Fourteenth Amendment rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20533

The district court dismissed the case because no case or controversy exists between "a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." *Bauer v. Texas*, 341 F.3d 352, 361 (5th Cir. 2003). Without a case or controversy there is no standing, and without standing, no subject matter jurisdiction. *See Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998) ("Article III, § 2 limits federal courts' jurisdiction to 'cases' and 'controversies.'"). A judge acting purely in her "adjudicative capacity" is not a proper party to a lawsuit challenging a state law because the judge, unlike the legislature or state attorney general, has no personal interest in defending the law. *Bauer*, 341 F.3d at 359. In other words, the judge is not a cause of the statute being enacted or enforced. The federal district court correctly determined that Judge Millard and Judge Moren "were acting solely in their adjudicative capacities"; they were not legislative or executive actors. While Machetta vehemently argues that he is not "challenging a state statute," the substance of his claim is an attack on the "best interest of the child" standard Texas uses in resolving custody disputes. TEX. FAM. CODE § 153.002. The judges are not proper defendants for a challenge to Texas family law statutes.

Machetta argues that *Pulliam v. Allen*, 466 U.S. 522 (1984), allows state judges to be sued personally under section 1983. But Congress abrogated *Pulliam* in 1996 when it amended section 1983. *See* 42 U.S.C. § 1983: Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847; *Haas v. Wisconsin*, 109 F. App'x 107, 114 (7th Cir. 2004) ("[The 1996] amendment was intended to overrule the Supreme Court's decision in [*Pulliam*]."). The amendment modifies the cause of action against government actors who violate constitutional rights by adding an exception that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

No. 17-20533

violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Machetta does not allege either of those exceptions. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Mentero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (both dismissing claims against judges under the 1996 amendment when the plaintiff alleged neither the violation of a declaratory decree nor that declaratory relief was unavailable). So section 1983 does not provide a basis for Machetta to seek injunctive relief. To the extent that Machetta seeks declaratory relief—and assuming we could discern what that declaration would be—we agree with the district court's *Younger* abstention analysis. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). State court, which is an adequate forum for raising the constitutional claims Machetta asserts, is the proper forum for this family law dispute. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.").[1]

We also affirm the district court's award of attorney fees to the defendants. A court may award reasonable attorneys' fees to the prevailing party in a section 1983 action. *See* 42 U.S.C. § 1988. Defendants may be awarded attorneys' fees if the plaintiff's suit is "frivolous." *See Fox v. Vice*, 563 U.S. 826, 829 (2011). The Magistrate Judge's Report and Recommendation adequately lays out the reasons why Machetta's lawsuit meets that standard. The magistrate's analysis of the reasonableness of the assessed fee was also

---

[1] The trial court did not abuse its discretion when it denied Machetta's motion to supplement or amend his complaint. A district court does not abuse its discretion by refusing to grant a plaintiff leave to amend his pleadings when such amendment would be futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (finding no abuse of discretion when court denied leave to amend to pro se plaintiff based on futility). Machetta's motion to amend did not identify how it would remedy the numerous procedural defects recognized by this court and the trial court.

3

No. 17-20533

sound.  The district court adopted the magistrate's recommendation, and this court sees no reason to disturb those findings.

* * *

AFFIRMED.