STATE of Wisconsin EX REL. William W. WOHLFAHRT,
Petitioner-Appellant,

v.

Robert BODETTE, Sheriff of Wood County, Respondent.
[Case No. 79–506.]

STATE of Wisconsin EX REL. Herbert H. DAMROW,
Petitioner-Appellant,

v.

Robert BODETTE, Sheriff of Wood County, Respondent.
[Case No. 79–843.]

Court of Appeals

*Nos. 79–506, 79–843. Submitted on briefs December 27, 1979.—
Decided January 28, 1980.*
(Also reported in 289 N.W.2d 366.)

For the appellant the cause was submitted on the briefs of *James M. Mason* of Wisconsin Rapids. [Case No. 79–506.]

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *James C. McKay, Jr.*, assistant attorney general. [Case No. 79–506.]

For the appellant the cause was submitted on the brief of *D. Michael Hoerl* and *Associated Attorneys, S.C.*, of Marshfield. [Case No. 79–843.]

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *James C. McKay, Jr.*, assistant attorney general. [Case No. 79–843.]

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J. William Wohlfahrt and Herbert Damrow are charged, in separate complaints, with various crimes. At their initial appearance, each reserved all objections to the trial court's jurisdiction over them. They were released on their personal recognizance with no additional conditions imposed by the court. Each filed a petition for a writ of habeas corpus challenging the jurisdiction of the trial court.

Robert Bodette, respondent to the petitions, filed motions to quash on the ground that the petitioners were

not entitled to the writ because they were not restrained of their liberty. The trial court quashed the writs, concluding that it had no jurisdiction, as Wohlfahrt and Damrow were released on their personal recognizance and thus were not in custody or restrained of their liberty. Wohlfahrt and Damrow appeal from the orders quashing the writs.

In Wisconsin, habeas corpus is available to one who is "restrained of his liberty."[1] It is essentially an equitable doctrine,[2] and the extent of an equitable remedy is limited only by the effect of the constitutional violation.[3] Wisconsin has long approved the use of habeas corpus to challenge the validity of a complaint and the validity of a bindover; in fact, it has been held that this is the sole remedy for this type of situation.[4] The writ is limited, however, to jurisdictional defects, such as whether there were sufficient facts for the magistrate to act upon, or whether the complaint charges any offense known to law.[5]

Wohlfahrt and Damrow challenge the validity of the complaints against them. They contend that the complaints do not show sufficient facts from which a magistrate could determine probable cause to issue a warrant, and that no offense known to law is charged in the complaints. They argue that they have been restrained of their liberty by the conditions of their personal recognizance. These conditions include: appearance whenever

---

[1] Section 292.01, Stats., renumbered §782.01, Stats., by ch. 32, §59, Laws of 1979.

[2] *State ex rel. Memmel v. Mundy*, 75 Wis.2d 276, 249 N.W.2d 573 (1977). *See also Sanders v. United States*, 373 U.S. 1 (1963); *Fay v. Noia*, 372 U.S. 391 (1963).

[3] *State ex rel. Memmel, supra* note 2; *Austin Independent School District v. United States*, 429 U.S. 990 (1976).

[4] *State ex rel. Dore v. Stoltz*, 42 Wis.2d 534, 167 N.W.2d 214 (1969).

[5] *Id.*

required by the court;[6] submission to all court orders and processes;[7] appointing of the clerk of court as agent for process requiring bail liability; written notice to the clerk of court within forty-eight hours of any change in address or telephone number;[8] being subject to rearrest if they fail to appear as ordered, and a separate offense is committed if they willfully fail to appear.[9] In addition, they are subject to any alterations in the terms of the bond made by any judge. Bodette does not dispute the existence of these conditions, but argues that these are not sufficient restraints to entitle Wohlfahrt and Damrow to the extraordinary writ of habeas corpus.

Habeas corpus comes from our common law. It is a great constitutional privilege. Its function is to provide a prompt and effective judicial remedy to those who are illegally restrained of their personal liberty.[10] As a remedial statute, it is to be liberally construed.[11] Neither the Wisconsin courts nor the legislature has defined what minimal restraint on liberty would entitle one to petition for a writ of habeas corpus. Reviewing federal law, we find that federal habeas corpus is available to one "in custody."[12] It is settled that the use of habeas corpus has not been limited to situations where applicant is in actual physical custody, but is available to one subject to restraints not shared by the public

[6] Section 969.09 (1), Stats.

[7] Id.

[8] Section 969.10, Stats.

[9] Section 946.49, Stats.

[10] Peyton v. Rowe, 391 U.S. 54 (1968); Fay v. Noia, supra note 2.

[11] Peyton v. Rowe, supra note 10; City of Madison v. Hyland, Hall & Co., 73 Wis.2d 364, 243 N.W.2d 422 (1976).

[12] Jones v. Cunningham, 371 U.S. 236 (1963); 28 U.S.C.A. §2241.

generally.[13] It has been held that the language "in custody" is synonymous with "restraint of liberty."[14]

The Court held that federal habeas corpus is available to one convicted of a crime but at large on personal recognizance pending appeal.[15] It was noted that a person subject to a personal recognizance bond is subject to restraints not shared by the public generally. "He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense."[16] As respondent points out, this language appears in a case involving a post-conviction situation where the petitioner faced imminent incarceration under sentence of a court. In Wisconsin, this situation may occur when habeas corpus is limited by sec. 974.06, Stats.[17] This is not the case here; sec. 292.01, Stats., contains no requirement that petitioner be restrained of liberty "under sentence of a court."

While it is true that Wohlfahrt and Damrow are not incarcerated, "besides physical imprisonment, there are other restraints on a man's liberty . . . which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."[18] While released on their personal recognizance, Wohlfahrt and Damrow are subject to restraints on their liberty. Liberally construing the statute as we must, we conclude that habeas corpus is available to persons released on personal recognizance bonds.

[13] *Carafas v. LaVallee*, 391 U.S. 234 (1968); *Jones, supra* note 12.

[14] *United States ex rel. Wirtz v. Sheehan*, 319 F. Supp. 146 (E.D. Wis. 1970).

[15] *Hensley v. Municipal Court, San Jose Milpitas, J.D., Cal.*, 411 U.S. 345 (1973).

[16] *Id.* at 351.

[17] *See State v. Schill*, 93 Wis.2d 361, 286 N.W.2d 836 (1980).

[18] *Jones, supra* note 12, at 240.

Finally, it would be incongruous to hold here that simply because Wohlfahrt and Damrow were released on personal recognizance, they lose standing to petition for a writ of habeas corpus. This could result in a trial court depriving a reviewing court of jurisdiction merely by reconsidering the bail of a defendant and allowing a personal recognizance. This would postpone the relief sought for a short period of time and would reduce the writ to a dispute over technicalities.

Release on personal recognizance here imposes sufficient restraints on one's liberty to entitle one to a writ of habeas corpus. The writs of Wohlfahrt and Damrow should not have been quashed. The court should proceed to a determination of whether Wohlfahrt and Damrow are being illegally restrained in that the complaints are based upon insufficient information or do not charge a crime known to law. Accordingly, the order quashing the writ in each case is vacated, and the cause is remanded to the trial court for further proceedings.

*By the Court.*—Orders quashing the writs of habeas corpus are vacated, and causes remanded for further proceedings.