STATE of Wisconsin EX REL. Gerard Noel HAAS, Jr.,
Petitioner-Petitioner,†

v.

William McREYNOLDS, Sheriff of Racine County,
Respondent.

Supreme Court

No. 00–2636–W. *Oral argument March 11, 2002.—Decided
April 30, 2002.*

2002 WI 43

(Also reported in 643 N.W.2d 771.)

† Motion for reconsideration denied 6/24/02.

For the petitioner-petitioner there were briefs by *Robert G. Bernhoft* and *The Law Office of Robert G. Bernhoft,* Milwaukee, and oral argument by *Robert J. Bernhoft.*

For the respondent there was a brief and oral argument by *Matthew W. McVey,* assistant corporation counsel.

¶ 1. JON P. WILCOX, J. In this case we review an unpublished order of the court of appeals, which dismissed a petition for a writ of habeas corpus filed by Gerard N. Haas, Jr. The Racine Municipal Court issued seven commitment orders for Haas after he had failed to pay forfeitures to the city for various ordinance violations. Haas was apprehended by the Racine Police Department and transferred to the custody of the Racine County Sheriff's Department for confinement in the Racine County Jail.

¶ 2. Haas challenged his confinement by filing a petition for a writ of habeas corpus with the Racine County Circuit Court, Allan B. Torhorst, Judge. In the petition, Haas challenged the jurisdiction of the municipal court to issue the commitments. The circuit court issued an initial stay of the execution of Haas's jail sentence and ordered him released without bond, pending a hearing. At that hearing, the circuit court denied Haas's request for the writ.

¶ 3. Haas then filed a notice of his intent to appeal the circuit court's decision. Within a few days, Haas also filed a separate petition for a writ of habeas corpus with this court. Haas then voluntarily withdrew his appeal of the first petition. This court transferred the second habeas corpus petition to the court of appeals for

disposition. The court of appeals denied the second petition because (1) Haas was not restrained of his liberty at the time of the request, and (2) Haas was not entitled to habeas corpus relief because he voluntarily dismissed his direct appeal. Haas petitioned this court for review, and we accepted. We now affirm the court of appeals' decision.

I

¶ 4. On February 10, 2000, Haas was arrested by the City of Racine Police Department pursuant to seven commitment orders issued by the Racine Municipal Court and signed by Municipal Judge Robert Michelson. The commitments were issued for failure to pay forfeitures that had been levied as a result of municipal ordinance violations—three for failure to abate lead, two for operating a vehicle after revocation, one for a health code violation, and one for failure to remove snow and ice. Haas was transferred to the custody of the Racine County Sheriff's Department, who, pursuant to the orders, committed Haas to the Racine County Jail.

¶ 5. The next day, Haas filed a petition for a writ of habeas corpus with the Racine County Circuit Court, in which he challenged the municipal court's jurisdiction to issue the commitments. Haas claimed that the municipal court lacked subject matter jurisdiction because it did not have the authority to issue "contempt orders."[1] The circuit court ordered that Haas be temporarily released without bond until a hearing could be held on the merits of the habeas corpus petition.

---

[1] The commitment orders were titled "Contempt of Court—Commitment Upon Sentence." The county asserts that the titles were merely administrative and that the commitment orders were not truly for "contempt." However, the actual nature of the

¶ 6. On June 9, 2000, the circuit court conducted a hearing on the petition. In an order dated June 29, 2000, the circuit court held that: (1) there was legal cause for Haas's imprisonment; (2) the Racine Municipal Court acted within its jurisdiction; (3) Haas's due process rights were not violated; (4) there was no reasonable basis for Haas's habeas corpus petition; and (5) the petition was frivolous. The circuit court vacated its temporary order, ordered that Haas be taken into custody pursuant to the municipal commitments, and ordered that Haas reimburse the county for costs.

¶ 7. On September 27, 2000, Haas, proceeding pro se, filed a notice of appeal pursuant to Wis. Stat. § (Rule) 809.10(1) (1999–2000)[2] to challenge the circuit court's denial of his first petition. On October 3, 2000, Haas filed a separate habeas corpus petition directly with this court, asking us to exercise our original jurisdiction to grant the writ. This petition addressed the same issues that had been raised before the circuit court in the first petition. This court determined that the court of appeals had concurrent jurisdiction to consider Haas's second petition, and we transferred that petition to the court of appeals for disposition.

¶ 8. On December 6, 2000, Haas filed notice with the court of appeals asking that his appeal of the circuit court's denial of his first petition be voluntarily dismissed, pursuant to Wis. Stat. § (Rule) 809.18. Because the court of appeals had not yet issued an opinion in the appeal, it was required to honor Haas's request to

commitments is irrelevant to our analysis because we do not reach the question of the municipal court's jurisdiction.

[2] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

withdraw the appeal. *State v. Lee,* 197 Wis. 2d 959, 972, 542 N.W.2d 143 (1996). Haas's direct appeal of the first petition was dismissed in an order dated December 14, 2000.

¶ 9. In an unpublished summary opinion dated February 12, 2001, the court of appeals then ruled on Haas's second habeas corpus petition. Relying primarily on *State ex rel. Fuentes v. Court of Appeals,* 225 Wis. 2d 446, 593 N.W.2d 48 (1999), the court of appeals held that (1) Haas had been released and was no longer restrained of his liberty; and (2) Haas had an adequate alternative remedy, namely, his appeal of the circuit court's denial of his first habeas corpus petition, which he had voluntarily dismissed. *Id.* at 451. Based on these holdings, the court of appeals concluded that Haas was not entitled to the separate writ of habeas corpus and denied Haas's petition.

¶ 10. Haas petitioned this court for review of the court of appeals decision, and we accepted. On review, we affirm the decision of the court of appeals on the grounds that Haas had an adequate alternative remedy available to him. Because Haas could have sought (and in fact started to seek) a direct appeal of the first habeas corpus petition to address the same issues he now raises, he was not entitled to a separate writ. Because we decide the case on those grounds, we do not address the questions of whether or not Haas was in custody when he petitioned for the writ, or whether the municipal court had jurisdiction to issue the commitments.

II

¶ 11. The writ of habeas corpus has its origins in the common law, and its availability is guaranteed by the U.S. Constitution, the Wisconsin Constitution, and

by state and federal statute. *Fuentes,* 225 Wis. 2d at 450 (citing *State ex rel. Korne v. Wolke ,* 79 Wis. 2d 22, 26, 255 N.W.2d 446 (1977); *State ex rel. Durner v. Huegin ,* 110 Wis. 189, 220, 85 N.W. 1046 (1901)); see also U.S. Const. art. I, § 9, cl. 2; Wis. Const. art. I, § 8(4); 28 U.S.C. § 2241; Wis. Stat. § 782.01. Habeas corpus is essentially an equitable remedy, which is available to a petitioner when there is a pressing need for relief or where the process or judgment by which a petitioner is held is void. *State ex rel. Dowe v. Waukesha County Circuit Court,* 184 Wis. 2d 724, 729–30, 516 N.W.2d 714 (1994). The writ has a unique character in that the petition normally arises pursuant to a criminal proceeding, but is litigated as an independent civil proceeding. *Fuentes,* 225 Wis. 2d at 450–51.

¶ 12. As an extraordinary writ, habeas corpus is available to a petitioner only under limited circumstances. First, a party who seeks habeas corpus relief must be restrained of his or her liberty. *Id.* at 451 (citing *State ex rel. Hake v. Burke ,* 21 Wis. 2d 405, 124 N.W.2d 457 (1963); *State ex rel. Wohlfahrt v. Bodette ,* 95 Wis. 2d 130, 132–33, 289 N.W.2d 366 (Ct. App. 1980)). Additionally, a party seeking the writ must show that the restraint was imposed by a body without jurisdiction or that the restraint was imposed contrary to constitutional protections. *Id.* (citing *State ex rel. Warrender v. Kenosha County Court ,* 67 Wis. 2d 333, 339, 231 N.W.2d 193 (1975); *Wolke v. Fleming,* 24 Wis. 2d 606, 613–14, 129 N.W.2d 841 (1964); Edwin E. Bryant, 9 *Wisconsin Pleading and Practice* § 84.03, at 223–24 (3d ed. 1998)). Finally, a party seeking the writ must show that there was no other adequate remedy available in the law. *Id.*

(citing *Dowe*, 184 Wis. 2d at 729). Unless these criteria are met, the writ of habeas corpus will not be available to a petitioner.

¶ 13. In this case, William McReynolds, as Racine County Sheriff, challenges Haas's second habeas corpus petition on several grounds. McReynolds puts forward three arguments supporting the denial of the writ: (1) Haas was not in custody at the time of the petition; (2) successive writs are disallowed under Wisconsin law; and (3) Haas had an adequate alternative remedy. We find it necessary to address only the third argument, as our finding there is dispositive.

¶ 14. The writ of habeas corpus does not issue as a right. *State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 602, 22 N.W.2d 685 (1946). We have long and consistently held that the extraordinary writ of habeas corpus is not available to a petitioner when the petitioner has other adequate remedies available. *Fuentes,* 225 Wis. 2d at 451; *State ex rel. Jacobus v. State,* 208 Wis. 2d 39, 46–47, 559 N.W.2d 900 (1997); *Dowe,* 184 Wis. 2d at 733–34; *Wolke,* 24 Wis. 2d at 614; *Doxtater,* 248 Wis. at 602. For instance, habeas corpus is not available to challenge a bindover decision by a court commissioner because the decision is challengeable on a statutory motion to dismiss. *Dowe,* 184 Wis. 2d at 733–34. Similarly, the writ is not available to challenge the sufficiency of probable cause to issue a criminal complaint, even when the challenge is brought between arrest and the preliminary hearing, because the challenge can be made using other remedies at trial. *Wolke,* 24 Wis. 2d at 613–14. Habeas corpus proceedings are likewise not available to challenge an administrative order revoking probation, since a writ of certiorari is available, and is

the proper remedy under such circumstances. *State ex rel. Reddin v. Galster,* 215 Wis. 2d 179, 183, 572 N.W.2d 505 (Ct. App. 1997). In short, if the petitioner has an otherwise adequate remedy that he or she may exercise to obtain the same relief, the writ will not be issued.

■

¶ 15. In this case, there is no question that Haas had an otherwise adequate remedy: his direct appeal, which he voluntarily dismissed. Rather than seeking a separate habeas corpus writ, the appropriate course of action for Haas should have been to challenge the circuit court's denial of his first habeas corpus petition in the court of appeals. As this court has previously stated:

> A decision in a habeas corpus action now stands in no different position than one in any other proceeding. If it be desired to review it upon the merits a motion should be made in the ordinary way for a review before the circuit court. If it be desired thereafter to present the question of whether the decision rendered is right, a writ of error may be sued out of this court for that purpose.

*State ex rel. Gaster v. Whitcher,* 117 Wis. 668, 673, 94 N.W. 787 (1903) (citation omitted); *see also State ex rel. McCaslin v. Smith,* 65 Wis. 93, 97, 26 N.W. 258 (1886), where we stated:

> The order made in [a habeas corpus] proceeding by the court is in the nature of a final judgment, and the policy of our constitution and laws is to allow a review of such an adjudication; and it is most in accord with our rules of practice and the analogies of the law to allow this to be done on writ of error.

¶ 16. The circuit court's denial of the first petition was a final order within the definition of Wis.

Stat. § 808.03. Therefore, the court of appeals was well within its jurisdiction and its capacity to review the circuit court's decision to deny Haas's first writ, and, if necessary, to consider the underlying claim and determine whether or not the municipal court had jurisdiction to issue the commitments. If Haas had received an adverse decision on appeal, he would have then been able to petition this court for review.

¶ 17. Instead, Haas has attempted to secure the same relief available to him in an ordinary appeal by extraordinary means, after voluntarily forgoing his ordinary remedy. Under such circumstances, the extraordinary writ of habeas corpus is not available. By voluntarily withdrawing his appeal, Haas is estopped from taking this collateral route to secure the same relief.

¶ 18. Haas contends that the alternative remedy restriction should not apply because he is challenging the jurisdiction of the court rather than a judicial error. Haas misconstrues the relationship between the writ and the procedural posture of his case. In his original petition, Haas challenged the jurisdiction of the municipal court, not the jurisdiction of the circuit court. On appeal, Haas would have been able to challenge the circuit court's decision that the municipal court had jurisdiction to issue the commitments. This issue would have been a proper one for appeal, and we will not grant an extraordinary writ when the petitioner voluntarily relinquished what was an otherwise adequate and available remedy.

¶ 19. Finally, we note that we occasionally have exercised our discretion to grant a writ after a petitioner had failed to exercise other adequate remedies.

However, we have only done so under exceptional circumstances. *See, e.g., Fuentes,* 225 Wis. 2d at 453 (granting a writ of habeas corpus when a clerical error by the court deprived the defendant of his ability to petition this court for review). Here, Haas has shown no such exceptional circumstances that would require us to issue the writ. Because Haas voluntarily dismissed his own direct appeal, he may not seek the same remedy he could have sought in that appeal through extraordinary means.

## III

¶ 20. Because we find that Haas had an adequate, alternative remedy to challenge the denial of his first writ of habeas corpus, he was not entitled to a separate writ. We are therefore not required to address the issues of custody, successive writs, or the jurisdiction of the municipal court. The court of appeals properly denied Haas's petition, and we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.