STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodosvaldo C. POZO, Defendant-Appellant.†

Court of Appeals

*No. 02–0127. Submitted on briefs May 13, 2002.—Decided October 31, 2002.*

2002 WI App 279

(Also reported in 654 N.W.2d 12.)

---

† Petition to review denied 1-21-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rodosvaldo C. Pozo*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sarah K. Larson*, assistant attorney general.

Before Dykman, Roggensack and Lundsten, JJ.

¶ 1. ROGGENSACK, J. Rodosvaldo Pozo appeals an order denying his petition for a writ of *habeas corpus*. His petition alleges that the information charging him with delivering cocaine as a second offense was

legally insufficient and thus deprived the circuit court of subject matter jurisdiction. Pozo requests that we vacate his conviction and grant him additional relief in the sum of $1000 pursuant to WIS. STAT. § 782.09 (1999–2000).[1] We conclude that Pozo's petition is without merit and therefore, we affirm the circuit court's order. In addition, because Pozo failed to develop any legal argument in support of his contention that § 782.09 entitles him to $1000, we decline to review the issue.

### BACKGROUND

¶ 2. In August 1995, Pozo was convicted of delivering cocaine as a second offense, contrary to WIS. STAT. §§ 961.41(1)(cm)2 and 961.48, and possessing a schedule II controlled substance as a dealer without a tax stamp, contrary to WIS. STAT. § 139.95(2) (1995–1996). The court sentenced Pozo to twenty-five years for cocaine delivery and eight years consecutive for violating the tax stamp law. Pozo appealed, but he did not challenge the sufficiency of the information. We affirmed Pozo's convictions. In a 1996 motion for postconviction relief, Pozo asked the circuit court to vacate his tax stamp conviction because the evidence was insufficient and his trial counsel was ineffective. The circuit court denied Pozo's motion and he appealed. We affirmed the order and the supreme court denied Pozo's petition for review. Subsequently, however, the supreme court held the tax stamp statute unconstitutional and Pozo's tax stamp conviction was vacated in February of 1998.

¶ 3. Prior to having his tax stamp conviction vacated, on December 30, 1997, Pozo, *pro se,* filed a

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

second postconviction motion that raised Fourth and Fifth Amendment issues, alleged double jeopardy and challenged the circuit court's jurisdiction. Pozo also challenged the circuit court's application of the repeater penalty, and he alleged ineffective assistance of counsel. In June of 1998, the circuit court summarily denied Pozo's motion because it raised only issues previously litigated. Pozo then filed a *pro se* petition for writ of *habeas corpus* based primarily on ineffective assistance of appellate counsel. We denied the petition and instructed Pozo that the proper avenue of relief was to appeal the circuit court's June 1998 order denying postconviction relief.

¶ 4. Pozo followed our direction and appealed the circuit court's denial of postconviction relief. We affirmed the circuit court's June 1998 order because Pozo did not demonstrate a sufficient reason for the court to review issues that could have been raised on direct appeal. Two years later, Pozo filed a motion for a new trial, which the circuit court denied.

¶ 5. On November 27, 2001, Pozo filed a second petition for writ of *habeas corpus* which is the subject of this appeal. The petition alleged that the circuit court lacked subject matter jurisdiction to convict him of the crimes alleged because the charging document was legally insufficient. The circuit court denied the petition because Pozo failed to assert any factual basis for relief. Pozo then petitioned the court of appeals for supervisory writ requesting that it compel the circuit court to address his petition on the merits. We denied the petition and instructed Pozo that the appropriate remedy was an appeal from the final order issued by the circuit court denying his petition for writ of *habeas corpus*. Pursuant to our instruction, Pozo appeals that denial.

## DISCUSSION

**Standard of Review.**

¶ 6. A circuit court's order denying a petition for writ of *habeas corpus* presents a mixed question of fact and law. *State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 276, 392 N.W.2d 453, 456 (Ct. App. 1986). Factual determinations will not be reversed unless clearly erroneous. *Id.* Whether writ of *habeas corpus* is available to the party seeking relief is a question of the law that we review *de novo. See State ex rel. Woods v. Morgan*, 224 Wis. 2d 534, 537, 591 N.W.2d 922, 924 (Ct. App. 1999).

**Writ of *Habeas Corpus.***

¶ 7. Pozo's petition for writ of *habeas corpus* alleges that the circuit court lacked subject matter jurisdiction because the information charging Pozo with delivering cocaine as a second offense was legally insufficient. Pozo claims that the information omitted three essential elements of the crime charged: (1) it did not allege a first offense, (2) it did not allege a person to whom the drugs were delivered and (3) it did not allege that a definite amount of drugs were delivered. Accordingly, Pozo requests that we vacate his conviction and grant him $1000 pursuant to Wis. Stat. § 782.09. We decline to do so.

¶ 8. Writ of *habeas corpus* is an equitable remedy that protects a person's right to personal liberty by freeing him or her from illegal confinement. *State ex rel. Dowe v. Waukesha County Circuit Court*, 184 Wis. 2d 724, 728–29, 516 N.W.2d 714, 715–16 (1994). It arises in

common law and is guaranteed by the state[2] and federal[3] constitutions, as well as by statute.[4] Because it is an extraordinary writ, *habeas corpus* relief is available only where the petitioner demonstrates: (1) restraint of his or her liberty, (2) which restraint was imposed contrary to constitutional protections or by a body lacking jurisdiction and (3) no other adequate remedy available at law. *State ex rel. Haas v. McReynolds*, 2002 WI 43, ¶ 12, 252 Wis. 2d 133, 643 N.W.2d 771. *Habeas corpus* is not a substitute for appeal and therefore, a writ will not be issued where the "petitioner has an otherwise adequate remedy that he or she may exercise to obtain the same relief." *Id.* at ¶ 14; *see also State ex rel. Doxtater v. Murphy*, 248 Wis. 593, 602, 22 N.W.2d 685, 689 (1946).

■

¶ 9. WISCONSIN STAT. § 974.06(8) sets out the statutory provisions which explain the availability, or lack thereof, of writ of *habeas corpus* in postconviction proceedings.[5] Section 974.06(8) provides in relevant part:

> A petition for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced the person, or that the court has denied the

---

[2] WIS. CONST. art. I, § 8, cl. 4.

[3] U.S. CONST. art. I, § 9, cl. 2.

[4] WIS. STAT. § 782.01.

[5] WISCONSIN STAT. § 974.06 was adopted to replace *habeas corpus* as the primary method by which a defendant could attack his or her conviction after the time for appeal had expired. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 176, 517 N.W.2d 157, 160 (1994).

person relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

Additionally, in a postconviction setting, a petition for writ of *habeas corpus* will not be granted where (1) the petitioner asserts a claim that he or she could have raised during a prior appeal, but failed to do so, and offers no valid reason to excuse such failure, *State ex rel. LeFebre v. Israel*, 109 Wis. 2d 337, 342, 325 N.W.2d 899, 901 (1982), or (2) the petitioner asserts a claim that was previously litigated in a prior appeal or motion after verdict. *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512, 514 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent post-conviction proceeding no matter how artfully the defendant may rephrase the issue.").

■

¶ 10. Applying the test set out in *Haas*, it is uncontested that Pozo's liberty is restrained. However, even if we were to assume, *arguendo,* that the facts he alleges are sufficient to support his claim that the restraint was imposed by a court that lacked jurisdiction, Pozo had an adequate remedy available to pursue this claim when he challenged his conviction on direct appeal. The same can be said for his contention that the repeater allegation was insufficiently stated and that the identity of the recipient of the drugs, as well as the amount of drugs delivered, were not stated in the information. All of those issues could have been raised on appeal, and would have been resolved then, but for Pozo's failure to assert them. *Cf. State ex rel. Fuentes v. Court of Appeals*, 225 Wis. 2d 446, 451–53, 593 N.W.2d 48, 50–51 (1999). And finally, Pozo has not provided a valid reason to excuse such failure nor has he alleged

facts that would support the conclusion that the remedy of appeal would have been inadequate or ineffective to test the legality of his detention. Therefore, we conclude that a writ of *habeas corpus* is not available to Pozo, and we affirm the circuit court's order denying his petition.

### WISCONSIN STAT. § 782.09.

■

¶ 11. Pozo next asserts that he is entitled to $1000 pursuant to WIS. STAT. § 782.09[6] because the circuit court denied his petition for writ of *habeas corpus*. However, Pozo fails to develop any argument to support his claim. Therefore, we deem the issue abandoned and decline to address it. *Reiman Assoc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992) ("The Court of Appeals may decline to review issues inadequately briefed.").

### CONCLUSION

¶ 12. We conclude that Pozo's petition for writ of *habeas corpus* is without merit. In addition, because Pozo failed to develop any legal argument in support of his contention that WIS. STAT. § 782.09 entitles him to $1000, we decline to review the issue.

*By the Court.*—Order affirmed.

---

[6] WISCONSIN STAT. § 782.09 provides that "[a]ny judge who refuses to grant a writ of habeas corpus, when legally applied for, is liable to the prisoner in the sum of $1000."