STATE of Wisconsin EX REL. William A. KRIEGER, Petitioner-Appellant,†

v.

Thomas G. BORGEN, Warden, Respondent-Respondent.

Court of Appeals

*No. 03–2733. Submitted on briefs May 5, 2004.—Decided July 28, 2004.*

2004 WI App 163

(Also reported in 687 N.W.2d 79.)

† Petition to review denied 10-19-2004.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas J. Nitschke* of *Nitschke & Sika, S.C.*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the briefs of *William L. Gansner*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.   William A. Krieger appeals from an order denying his petition for a writ of habeas corpus. Krieger contends that the circuit court erred when it ruled that the petition was procedurally barred and declined to review the merits. We disagree and affirm the order of the circuit court.

## FACTS

¶ 2.   The facts are brief and undisputed. In 1989, Krieger pled no contest to twenty sex-related offenses. The circuit court found that his pleas were freely and voluntarily entered and sentenced Krieger to fifty years in prison. Krieger filed postconviction motions for plea withdrawal and sentence modification, which the circuit court denied. We affirmed the judgment and post-

conviction order in *State v. Krieger*, 163 Wis. 2d 241, 246, 471 N.W.2d 599 (Ct. App. 1991). Our supreme court denied review. *State v. Krieger*, 162 Wis. 2d xlix, 474 N.W.2d 107 (Wis. July 30, 1991) (No. 90–1771–CR).

¶ 3. In April 2003, Krieger filed a petition for writ of habeas corpus with the circuit court pursuant to Wis. Stat. § 782.01 (2001–02).[1] Krieger alleged, among other things, that his pleas were coerced, his due process rights were violated, and his trial counsel was ineffective. The court determined that the petition was procedurally barred because Krieger failed to raise his claims in his postconviction hearing or on direct appeal and did not provide a sufficient reason for failing to do so. The court further ruled that Krieger had other remedies available to him and therefore a writ of habeas corpus was not appropriate. The circuit court did not address the merits of Krieger's claims. Krieger appeals.

## DISCUSSION

¶ 4. Krieger presents but one issue on appeal: Whether the circuit court erred in retroactively applying the rule in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), to bar his claims. In *Escalona-Naranjo*, our supreme court held that a defendant who could have raised a claim on direct appeal or in a prior Wis. Stat. § 974.02 postconviction motion, but failed to do so, cannot assert the claim in a subsequent Wis. Stat. § 974.06 motion unless the defendant can demonstrate a sufficient reason for the failure. *Escalona-Naranjo*, 185 Wis. 2d at 185. Here, Krieger did not bring a motion for relief under § 974.06; he petitioned for a writ of habeas corpus under Wis. Stat.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

§ 782.01. For reasons discussed below, we hold that the *Escalona-Naranjo* rule can be applied retroactively to Krieger's case; however, we affirm the circuit court's conclusion that Krieger is not entitled to habeas corpus relief because he failed to pursue other remedies available to him.

¶ 5.    Under WIS. STAT. § 782.01, a person restrained of personal liberty is authorized to prosecute a writ of habeas corpus.[2] Habeas corpus relief, however, is available to a petitioner only under limited circumstances. Three factors must exist:    (1) a person seeking habeas corpus relief must be restrained of his or her liberty, (2) the person must show that the restraint was imposed by a body without jurisdiction or that the restraint was imposed contrary to constitutional protections, and (3) the person must show that there is no other adequate remedy available in the law. *State ex rel. Haas v. McReynolds*, 2002 WI 43, ¶ 12, 252 Wis. 2d 133, 643 N.W.2d 771. Unless these criteria are met, the writ of habeas corpus is not available to the petitioner. *Id*. The application of a legal rule to an undisputed set of facts is a question of law which we review de novo. *State v. Tolefree*, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶ 6.    Habeas corpus relief is subject to the terms of WIS. STAT. § 974.06, which states in relevant part:

A petition for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to

---

[2] WISCONSIN STAT. § 782.01(1) states:    "Every person restrained of personal liberty may prosecute a writ of habeas corpus to obtain relief from such restraint subject to ss. 782.02 and 974.06."

apply for relief, by motion, to the court which sentenced the person, or that the court has denied the person relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

Sec. 974.06(8). In a review of the history and purpose of § 974.06, our supreme court explained that "the postconviction motion procedure under sec. 974.06 was 'designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired.' " *Escalona-Naranjo*, 185 Wis. 2d at 176. The legislature has provided Krieger with a means to challenge jurisdictional and constitutional flaws in his conviction through a motion under § 974.06. Because Krieger cannot show that he has no other adequate remedy available, we conclude that his petition for a writ of habeas corpus was properly denied. *See McReynolds*, 252 Wis. 2d 133, ¶ 12.

■■■

¶ 7.  We recognize that if Krieger now brings a motion under WIS. STAT. § 974.06, the dispute over the retroactive application of the *Escalona-Naranjo* rule will remain. Generally, when the resolution of one issue disposes of an appeal, we will not address additional issues. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938). However, in the interest of judicial economy, we may address issues that are likely to recur. *State v. Temby*, 108 Wis. 2d 521, 527, 322 N.W.2d 522 (Ct. App. 1982). For that reason, we decide the issue of retroactivity here. Whether to retroactively apply the holding of a case is a question of law that we decide de novo. *State v. Howard*, 211 Wis. 2d 269, 276, 564 N.W.2d 753 (1997), *overruled on other grounds by State v. Gordon*, 2003 WI 69, 262 Wis. 2d 380, 663 N.W.2d 765.

¶ 8.     Recently, our supreme court took up the issue of the retroactive application of new rules, such as the *Escalona-Naranjo* rule. In *State v. Lagundoye*, 2004 WI 4, 268 Wis. 2d 77, 674 N.W.2d 526, the court set forth a detailed framework for determining retroactivity.[3] "[A] new rule of substantive criminal law is presumptively applied retroactively to all cases, whether on direct appeal or on collateral review." *Id.*, ¶ 12. Furthermore, Wisconsin law holds that "new rules of criminal procedure are to be applied retroactively to all cases pending on direct review or non-finalized cases still in the direct appeal pipeline." *Id.* However, "a new rule of criminal procedure generally cannot be applied retroactively to cases that were final before the rule's issuance under the federal nonretroactivity doctrine announced by the Supreme Court plurality opinion in *Teague v. Lane*, 489 U.S. 288 (1989)." *Lagundoye*, 268 Wis. 2d 77, ¶ 13. Accordingly, to determine whether the *Escalona-Naranjo* rule applies to Krieger, we must consider whether the *Escalona-Naranjo* rule was "new," whether it was a rule of criminal procedure, and whether Krieger's case was final at the time he brought his petition.

---

[3] Krieger submitted his brief-in-chief and appendix on December 3, 2003. Respondent Thomas G. Borgen filed a response brief on January 28, 2004. Two days after Borgen's brief was filed, our supreme court released its opinion in *State v. Lagundoye*, 2004 WI 4, 268 Wis. 2d 77, 674 N.W.2d 526. We provided the parties with the opportunity to submit supplemental briefs addressing the impact of *Lagundoye* on the issue of retroactivity. Accordingly, both parties filed supplemental briefs.

¶ 9. A rule is new if the result was not dictated by precedent existing at the time the defendant's conviction became final. *Lagundoye,* 268 Wis. 2d 77, ¶ 26. Prior to *Escalona-Naranjo,* the law stated that although a defendant failed to raise a constitutional issue on appeal, the issue still must be considered when raised in a subsequent WIS. STAT. § 974.06 motion. *Bergenthal v. State,* 72 Wis. 2d 740, 748, 242 N.W.2d 199 (1976). Neither party disputes that in 1994 *Escalona-Naranjo* expressly overruled *Bergenthal,* holding that § 974.06 "compels a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion" and "requires a *sufficient reason* to raise a constitutional issue in a sec. 974.06 motion that *could have been raised* on direct appeal or in a sec. 974.02 motion." *Escalona-Naranjo,* 185 Wis. 2d at 185. The *Escalona-Naranjo* rule, therefore, satisfies this part of the *Lagundoye* analysis.

¶ 10. The parties do not dispute that Krieger's case was final at the time he brought his petition for collateral review. A case is final when the prosecution is no longer pending, a judgment or conviction has been entered, the right to a state court appeal from a final judgment has been exhausted, and the time for certiorari review in the United States Supreme Court has expired. *Lagundoye,* 268 Wis. 2d 77, ¶ 20. The *Escalona-Naranjo* rule was created in 1994, more than two years after Krieger's WIS. STAT. § 974.02 state appeal process was exhausted and his time for certiorari review in the United States Supreme court had expired. His case was indeed final when *Escalona-Naranjo* was decided.

¶ 11. The disputed issue is whether the character of the new rule is one of criminal procedure. *Lagundoye* provides guidance for analyzing whether a rule is one of substantive criminal law or one of criminal procedure. The State argues here that the new rule, while it may be procedural, is civil in nature and not one of criminal procedure; therefore, the *Lagundoye* test is not met and the general rule of nonretroactivity is inapplicable. In fact, Wis. STAT. § 974.06 by its own terms states that "[p]roceedings under this section shall be considered civil in nature, and the burden of proof shall be upon the person." Sec. 974.06(6). For this reason, we accept the State's assertion that the retroactivity analysis of the *Escalona-Naranjo* rule is not governed by *Teague* and *Lagundoye*.

¶ 12. Our conclusion is consistent with the fact that the *Escalona-Naranjo* rule has been applied retroactively by our courts in the past. Our supreme court clearly intended the rule to apply to cases that were final before the rule was announced because it used *Escalona-Naranjo* as a basis for its ruling in *State v. Braun*, 185 Wis. 2d 152, 516 N.W.2d 740 (1994), a companion case decided the same day. *See Braun*, 185 Wis. 2d at 157, 166. We conclude that the retroactive application of *Escalona-Naranjo* is appropriate here. Accordingly, Krieger, absent sufficient reason, cannot assert his constitutional claims in a Wis. STAT. § 974.06 motion if he did not raise them in his prior postconviction motion or on direct appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 181–82.

## CONCLUSION

¶ 13. We conclude that Krieger's petition for a writ of habeas corpus under Wis. STAT. § 782.01 was

properly denied because he cannot show that he pursued other remedies available to him in the law. *See McReynolds*, 252 Wis. 2d 133, ¶ 12. We further conclude that the *Escalona-Naranjo* rule can be applied retroactively to Krieger's case because the rule is not one of criminal procedure, but rather is civil in nature; furthermore, our supreme court clearly intended the rule to have retroactive application.

*By the Court.*—Order affirmed.