COURT OF APPEALS
DECISION
DATED AND FILED

March 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2061**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV4743

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN EX REL. RAFEAL D. NEWSON,

PETITIONER-APPELLANT,

V.

RANDALL R. HEPP, WARDEN,

RESPONDENT-RESPONDENT.

APPEAL from orders of the circuit court for Milwaukee County: CARL ASHLEY, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In his eighth attempt to obtain postconviction relief, Rafeal D. Newson appeals the circuit court's orders denying his petition for

habeas corpus and denying his motion for reconsideration.  Newson makes various arguments related to jurisdiction, ineffective assistance of counsel, and the application of *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994) to bar his claims.

¶2     We reject Newson's arguments and affirm the orders.  Additionally, because Newson continues to abuse the appellate process by repetitively litigating the same matters after having been warned twice against doing so, we impose sanctions limiting his ability to submit future appellate filings relative to his criminal case.

### BACKGROUND

¶3     In 2000, Newson was serving a sentence in Arizona when he was extradited to Wisconsin to face a charge of first-degree intentional homicide as a party to a crime in connection with the 1996 death of Terrance Maclin.  A jury found Newson guilty, and the court imposed a life sentence.

¶4     In April 2002, Newson filed a direct appeal challenging the admission at trial of the hearsay statements of a witness who had refused to testify. *State v. Newson*, (*Newson V*) No. 2017AP551, unpublished slip op., ¶7 (WI App Sept. 18, 2018) (citing *State v. Newson* (*Newson I*), No. 2002AP959-CR, unpublished op. and order at 1 (WI App Sept. 22, 2003)).[1]  We affirmed. *Id.*

---

[1] We rely primarily on our past decisions in Newson's related cases to summarize relevant facts and proceedings.

¶5     In 2004, in his first WIS. STAT. § 974.06 (2021-22)[2] motion, Newson claimed both his trial and postconviction counsel were ineffective. *Newson V*, No. 2017AP551, ¶8. We affirmed. *Id.*

¶6     In 2010, Newson filed a second WIS. STAT. § 974.06 motion, again claiming ineffective assistance of trial counsel, "this time for counsel's failure to challenge the circuit court's jurisdiction on grounds that the criminal complaint was defective: the record indicates that the complaint was not filed until August 29, 2000—after Newson had already been extradited to Wisconsin—instead of when it was originally executed in 1996." *Newson V*, No. 2017AP551, ¶9. The circuit court ruled "that Newson's motion was barred pursuant to *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).... Newson initially appealed the circuit court's order denying his motion but later filed a notice for voluntary dismissal; thus, that appeal was dismissed in July 2011." *Newson V*, No. 2017AP551, ¶10.

¶7     In 2012, Newson petitioned this court for habeas relief, which we denied:

> Newson requested that this court review the arguments of his 2010 postconviction motion as a petition for a writ of habeas corpus. We granted his request, and denied his petition…. Our reasoning was that Newson had not explained why he had not raised the jurisdictional challenge in his previous WIS. STAT. § 974.06 motion submitted in 2004…. We therefore determined that Newson had not demonstrated that there was no other adequate remedy available, as required for a writ of habeas corpus to be issued.

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*Newson V*, No. 2017AP551, ¶11.

¶8      In 2017, after Newson was transferred from Arizona to Wisconsin to begin serving his sentence, Newson filed his third WIS. STAT. § 974.06 motion. *Newson V*, No. 2017AP551, ¶12.  There, "he again challenged the circuit court's jurisdiction in this matter due to the allegedly defective complaint."  *Id.*  He also argued "that his motion should not be barred because when he filed the previous § 974.06 motions, he was in custody in Arizona as opposed to Wisconsin, and therefore Wisconsin courts did not have jurisdiction over his previous postconviction motions at the time they were decided."  *Newson V*, No. 2017AP551, ¶12.  "Furthermore, Newson argued that he did not have access to Wisconsin law materials when he was preparing those prior postconviction motions.  The circuit court again rejected Newson's arguments on grounds that his motion is barred by *Escalona*."  *Newson V*, No. 2017AP551, ¶12.  We concluded that Newson's claims were procedurally barred and affirmed.  *Id.*, ¶16.

¶9      In 2019, Newson filed a second petition for habeas corpus in Milwaukee County Circuit Court challenging his return to Wisconsin from Arizona under the Interstate Agreement on Detainers (IAD).  *State ex rel. Newson v. Foster* (*Newson VI*), No. 2019AP1464, unpublished op. and order at 1, 5 (WI App May 4, 2021).  We rejected Newson's argument that Wisconsin courts lacked subject matter jurisdiction over the criminal proceedings and affirmed, reasoning that Newson had adequate remedies to pursue these claims, either through his direct appeal or through a collateral challenge under WIS. STAT. § 974.06. *Newson VI*, No. 2019AP1464, at 6.  We also highlighted that Newson failed to offer a valid reason for failing to raise his claims sooner.  *Id.* at 9.  Finally, we admonished Newson not to relitigate this claim:  "Because we have considered and rejected Newson's subject-matter jurisdiction argument, Newson may not

present it again in the instant litigation." *Id.* at 8. We also warned Newson that he faced potential sanctions if he persisted "in making repetitive allegations[.]" *Id.* at 9-10.

¶10    In March 2020, Newson filed what the circuit court construed as Newson's fourth WIS. STAT. § 974.06 motion. *State v. Newson* (*Newson VII*), No. 2020AP1041, unpublished op. and order at 3 (WI App Dec. 6, 2022). Newson sought a new trial, alleging that the circuit court did not appropriately instruct the jury, that "the circuit court should have permitted Newson to introduce evidence of [Maclin's] violent character and prior violent acts," that insufficient evidence supported his conviction, and that the medical examiner committed perjury. *Id.* at 2. Newson also sought sentence modification based on a sentence credit claim and his assertion that the court "considered inappropriate factors at sentencing." *Id.* The circuit court denied the motion, determining that the claims Newson raised were neither constitutional nor jurisdictional issues and could not be raised in a § 974.06 motion; we affirmed. *Newson VII*, No. 2020AP1041 at 1-3. We also upheld the circuit court's decision to deny Newson's motion without a hearing because it was procedurally barred. *Id.* at 7. We declined Newson's request to exercise our discretionary authority to reverse in the interest of justice, and we rejected his claims for sentence credit or modification. *Id.* at 8-9. We also reiterated our admonishment of Newson and warned him a second time that "we are prepared to impose appropriate sanctions should he persist in making repetitive allegations, regardless of whether they are presented as motions, petitions, or appeals." *Id.* at 10.

¶11    In August 2020, while an inmate at the Waupun Correctional Institution, Newson filed a petition for a writ of habeas corpus in Milwaukee County Circuit Court. Newson claimed that Wisconsin courts lacked "competent

jurisdiction" over him based on the allegedly unlawful means by which he was returned from Arizona to Wisconsin through the IAD. Newson also asserted that his original trial attorneys were ineffective based in part on their failure to adequately explain the State's plea offer.

¶12    In a written decision, the circuit court denied Newson's petition, determining that it failed to "meet the initial criteria for a valid prima facie petition." Newson failed to demonstrate that his restraint was unconstitutional or imposed by a body without jurisdiction over him. Newson also "failed to explain why [WIS. STAT. § 974.06] was inadequate to address the basis for his incarceration." The court observed that Newson's "current petition focuses on much of the same inadequacies, specifically on violations of the IAD and the ineffectiveness of his trial counsel," and that these claims have been litigated in his criminal case and a prior petition for a writ of habeas corpus.[3] Noting that Newson's current habeas petition was a successive petition for a writ of habeas corpus, the circuit court deemed his current petition procedurally barred. Finally, the circuit court characterized Newson's habeas action as "frivolous" because it "lack[ed] evidentiary support or is not warranted under existing law."

¶13    Newson moved for reconsideration of the court's order. The circuit court denied the motion based on its determination that Newson failed to present newly discovered evidence or show that the circuit court made a manifest error of law or fact in its decision.

---

[3] To the extent that Newson's current claims had not been previously litigated, the circuit court determined that Newson failed to offer a valid reason for not raising them in his prior WIS. STAT. § 974.06 motion.

¶14    Newson appeals.

## DISCUSSION

### I.    Newson's petition is procedurally barred and fails to meet statutory and pleading requirements.

¶15    "A circuit court's order denying a petition for writ of habeas corpus presents a mixed question of fact and law." *State v. Pozo*, 2002 WI App 279, ¶6, 258 Wis. 2d 796, 654 N.W.2d 12. "Factual determinations will not be reversed unless clearly erroneous." *Id.* Whether the writ is available is a question of law that we review de novo. *Id.* We also review de novo whether a defendant's petition for a writ of habeas corpus is procedurally barred. *State ex rel. Krieger v. Borgen*, 2004 WI App 163, ¶5, 276 Wis. 2d 96, 687 N.W.2d 79.

¶16    In this appeal, Newson makes arguments related to jurisdiction, ineffective assistance of counsel, and the application of *Escalona-Naranjo* barring his claims. We have previously considered and rejected these arguments, and we decline to republish that analysis here. *State v. Newson*, (*Newson II*) No. 2004AP2988, unpublished slip op. (WI App Sept. 20, 2005); *Newson V*, No. 2017AP551; *Newson VI*, No. 2019AP1464; *Newson VII*, No. 2020AP1041. In short, we conclude now, as we did then, that Newson's claims are barred because he could have raised them in prior habeas and WIS. STAT. § 974.06 proceedings, and to the extent he did raise them, he is foreclosed from relitigating them. *Newson II*, No. 2004AP2988; *Newson V*, No. 2017AP551; *Newson VI*, No. 2019AP1464; *Newson VII*, No. 2020AP1041; *see Pozo*, 258 Wis. 2d 796, ¶9.

¶17 Newson's petition also fails to meet several statutory and pleading requirements that independently justify dismissing his appeal, including: (1) Newson's petition is not verified;[4] (2) Newson's petition was filed in the wrong venue;[5] and (3) Newson's claims related to the IAD are conclusory and do not present a barrier to the circuit court's obtaining jurisdiction over him.[6]

¶18 For these reasons, we affirm the circuit court's orders denying Newson's petition for habeas corpus and denying reconsideration.

## II. Imposition of *Casteel* sanctions against Newson is appropriate.

¶19 On several previous occasions, Newson's claims have been dismissed based on WIS. STAT. § 974.06(4) and *Escalona-Naranjo*. This appeal is dismissed on those same bases. As it did on two prior occasions, the State argues that we should impose sanctions on Newson given the number of prior decisions dismissing the same claims brought in this appeal. On both of those

---

[4] WIS. STAT. § 782.04 (a petition for habeas corpus "must be verified"); *State ex rel. Santana v. Endicott*, 2006 WI App 13, ¶11, 288 Wis. 2d 707, 709 N.W.2d 515 ("[P]etitions [for habeas corpus] not properly verified do not meet the requirements for a valid application.").

[5] A circuit court may "lack[] competency to render a valid judgment because of improper venue." *Shopper Advertiser, Inc. v. DNR*, 117 Wis. 2d 223, 233, 344 N.W.2d 115 (1984). WISCONSIN STAT. § 782.03 states that habeas petitions are to be filed "within the county where the prisoner is detained[.]" Because Newson is a prisoner at Waupun Correctional Institution in Dodge County, his petition should have been filed in Dodge County Circuit Court (or, if other statutory criteria are met, an adjoining county) and not Milwaukee County Circuit Court. *But see*, *State ex rel. Rupinski v. Smith*, 2007 WI App 4, ¶12 n.3, 297 Wis. 2d 749, 728 N.W.2d 1 (concluding that the Milwaukee County Circuit Court did not erroneously exercise its discretion by granting the defendant's motion to change venue from Winnebago County, where he was incarcerated, to Milwaukee County under WIS. STAT. § 801.52).

[6] A circuit court may dismiss a habeas petition without a hearing if the petition does not raise facts sufficient that, if true, would entitle the defendant to relief or if it presents only conclusory allegations. *See State ex rel. Lopez-Quintero v. Dittmann*, 2019 WI 58, ¶17 n.9, 387 Wis. 2d 50, 928 N.W.2d 480; *State v. Sulla*, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659.

occasions, we warned Newson that he faced potential *Casteel*[7] sanctions if he persisted in relitigating his claims, but we declined to impose them. *Newson VI*, No. 2019AP1464; *Newson VII*, No. 2020AP1041. We agree with the State and now impose *Casteel* sanctions limiting Newson's future appellate filings relative to his criminal case.

¶20 Courts have inherent authority to ensure that they "function[] efficiently and effectively to provide the fair administration of justice," and the filing of frivolous actions frustrates this purpose. *State v. Casteel*, 2001 WI App 188, ¶23, 247 Wis. 2d. 451, 634 N.W.2d 338 (citation omitted). The frivolous appeals statute, WIS. STAT. RULE 809.25(3), seeks "to deter ... litigants ... from commencing or continuing frivolous actions and to punish those who do," but "[w]ithout an order prohibiting future filings related to the same issues, these statutes would be virtually useless against a pro se party who cannot pay." *Casteel*, 247 Wis. 2d 451, ¶23 (citations omitted; brackets in *Casteel*). An appeal is frivolous if the party knew or should have known that the appeal was without any reasonable basis in law or equity and could not be support by a good faith argument for an extension, modification, or reversal of existing law. RULE 809.25(3)(c)2.

¶21 We conclude that Newson knew or should have known that this, his eighth attempt to obtain postconviction relief, is without any reasonable basis in law or equity and is not supported by a good faith argument for an extension, modification, or reversal of existing law. *Id.* Newson's abuse of the appellate process by repetitively litigating the same matters is substantively identical to the

---

[7] *State v. Casteel*, 2001 WI App 188, 247 Wis. 2d. 451, 634 N.W.2d 338.

sanctioned conduct in *Casteel*. Thus, consistent with the sanctions we imposed in *Casteel*, we will not accept further appellate filings from Newson unless he submits by affidavit all of the following:

1. A copy of the circuit court's written decision and order he seeks to appeal,

2. A statement setting forth the specific grounds upon which this court can grant relief,

3. A statement showing how the issues sought to be raised differ from issues raised and previously adjudicated, and

4. A statement why any new claims so raised are acceptable under *Escalona-Naranjo*, 185 Wis. 2d at 184-86.[8]

*Casteel*, 247 Wis. 2d 451, ¶25. Upon review of those documents, if we determine that Newson states no claim, defense, or appeal upon which we may grant relief, we will refuse to accept the filing. *Id.*, ¶26.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] Imposing these sanctions on Newson strikes an appropriate balance between Newson's "access to the courts, the taxpayers' right not to have frivolous litigation become an unwarranted drain on their resources and the public interest in maintaining the integrity of the judicial system." *Casteel*, 247 Wis. 2d 451, ¶27.